Argued at Pendleton May **3**, affirmed June 21, 1927.

# HARRY L. SMITH, ADMINISTRATOR, ET AL., *v.* B. B. CLARK ET AL.

(257 Pac. 26.)

**Appeal and Error—Inadvertent Finding of Land Irrigated in Excess of Amount Alleged to be Owned by Plaintiffs will be Modified on Appeal.**

Finding in decree of number of acres of plaintiffs' land to be irrigated, being undoubtedly made through inadvertence, the complaint alleging ownership of fractional parts of sections constituting a less number of acres will be modified on appeal.

Appeal and Error, 4 C. J., p. 842, n. 58.
Waters, 40 Cyc., p. 699, n. 62, 64, p. 734, n. 31, 32, p. 738, n. 68.

From Harney: DALTON BIGGS, Judge.

In Banc.

AFFIRMED.

For appellants there was a brief over the name of *Mr. J. W. McCulloch,* with an oral argument by *Mr. R. M. Duncan.*

For respondents there was a brief and oral argument by *Mr. H. V. Schmalz.*

BELT, J.—This is an appeal and cross-appeal from a decree adjudicating certain water rights in Riddle Creek, Harney County, Oregon. Riddle Creek is a perennial stream which has its source in the Steen Mountains and, flowing in a northwesterly direction through "Happy Valley," empties into Barton Lake. Plaintiffs, Carrie Kidwell and Harry L. Smith, sole heirs of Sylvester Smith, deceased, are the owners of 240 acres of land in Section 26, T. 28 S., R. 33 E., W. M., located in the lower end of the valley

through which Riddle Creek flows. Defendant Clark, under a contract of sale from Eastern Oregon Livestock Co., is in possession of a large tract adjoining and above that of plaintiffs.

. The earliest settlers reached this valley in about 1875 or 1876. Sylvester Smith established his home on Riddle Creek in 1880 and lived there continuously until in 1923. Eastern Oregon Livestock Co. obtained title to its large holdings in the valley from those whose predecessors in interest had established homes in this section of Harney County at an early date. It therefore appears that the water rights involved in this controversy had a very early inception and, by reason thereof, testimony of many witnesses is uncertain as to matters which transpired over forty years ago relative to the use of water in this stream. Until comparatively recent years no controversy has ever arisen over water rights in Happy Valley, as there has always been a sufficient amount for irrigation purposes.

While both parties in their pleadings predicate their water rights upon adverse user, we think such doctrine is not involved, for, until about 1920, no complaint was made as to any injury sustained on account of water shortage. Trouble over water rights arose when defendant Clark in recent years began to use water to irrigate additional sage-brush land.

In 1898 Sylvester Smith filed with the county clerk for Harney County a "Notice of Water Right" claiming "100 inches of water diverted from Riddle Creek," and it is therein further recited that the same has been used by him since the year 1881 for irrigation purposes. In addition to this evidence, which we think admissible, other witnesses estab-

lished to our satisfaction the truth of this recital. The land of plaintiffs is arid and has no value for agricultural use without irrigation. It is reasonable to assume—and there is strong evidence tending to establish the fact—that when Sylvester Smith occupied this ranch in 1880 he diverted water from Riddle Creek to irrigate his meadows for the purpose of raising hay with which to feed his stock. We concur in the finding of the trial court that plaintiffs' priority of water right to their land as described in the amended complaint should be adjudicated as of the year 1881. In the decree the amount of land found by the court to be irrigated by plaintiffs is stated to be 320 acres. This finding was undoubtedly made through inadvertence as plaintiffs, in their amended complaint, allege ownership of only the E. ½ of the NE. ¼ and the SE. ¼ of Section 26, which is 240 acres.

No questions of law are involved in this proceeding. An examination of the record leads to the conclusion that the trial court, in the light of the evidence and the greater weight thereof, made a proper and equitable determination of the water rights in question. A further discussion of the facts might prove of interest to the litigants, but would be of no benefit to the profession generally.

There is no merit in plaintiffs' cross-appeal, contending that their water rights should be established as prior to the year 1881. The decree of the court in this respect is in keeping with the prayer of their complaint. Further, it is in accord with facts.

Defendants assign error of the court in decreeing that neither party recover costs and disbursements.

We are not prepared to say that there was any abuse of discretion in this regard.

The decree of the lower court, with the modification above noted, is affirmed.    **Affirmed.**